32053/15367/JAG/CLT/MAA                                    Firm ID No. 44613

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNT DEPARTMENT, CHANCERY DIVISION

MIDWEST GENERATION, LLC and
MIDWEST GENERATION EME, LLC,

       Plaintiffs,

v.

CHARTIS CASUALTY COMPANY f/k/a
AMERICAN INTERNATIONAL SOUTH
INSURANCE COMPANY,

       Defendant.

No.




**11CH33860**

RECEIVED
STATE OF ILLINOIS
SEP 28 2011
DEPT. OF INSURANCE
CHICAGO, ILLINOIS

FILED
CH-
SEP 28 2011
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COME the plaintiffs, MIDWEST GENERATION, LLC and MIDWEST
GENERATION EME, LLC ("Midwest"), by and through their attorneys, Cassiday Schade LLP,
and for their Complaint for Declaratory Judgment, pursuant to Section 2-701 of the Illinois Code
of Civil Procedure, 735 ILCS 5/2-701, state as follows:

### GENERAL ALLEGATIONS

### THE PARTIES

1.     At all times relevant hereto, Midwest Generation, LLC was a Delaware
corporation, with its principal place of business in Chicago, Illinois.

2.     At all times relevant hereto, Midwest Generation EME, LLC was a Delaware
corporation, with its principal place of business in Chicago, Illinois.

3.     At all times relevant hereto, Chartis Insurance Company, f/k/a American
International South Insurance Company ("American International") was an insurance company
licensed and authorized to underwrite and issue insurance policies in the State of Illinois.



EXHIBIT
A

## THE SUBCONTRACT AGREEMENT

4.    On or about October 16, 2003, Midwest executed a subcontract agreement with ReGenco, LLC ("ReGenco"), pursuant to which ReGenco was hired to perform work for Midwest at its Waukegan Station #16 facility, in Waukegan, Illinois ("the Midwest/ReGenco subcontract agreement").

5.    The Midwest/ReGenco subcontract agreement contained the following clause which obligated ReGenco to name Midwest as an additional insured under its general liability policy:

**Article 9 Insurance**

**9.5 Additional Insured Endorsement**

**9.5.1**

All liability insurance policies shall name Owner its officers, directors, employees, agents, representatives, subsidiaries, successors, and assignees, as additional insureds, shall be primary to any other insurance carried by Owner, and shall provide broad form coverage using ISO CG 2026 (11/85), and shall maintain the required coverages, naming Owner as an additional insured, for a period of not less than three years.

\*    \*    \*

## THE AMERICAN INTERNATIONAL POLICY

6.    American International issued commercial general liability policy No. 3199846 to ReGenco as the named insured.

7.    The American International policy was in effect from November 12, 2005 to November 12, 2006 and provided liability limits of $1 million per occurrence.

8.    Midwest was included as an additional insured on the American International policy. (A copy of a certificate of insurance referencing the additional insured coverage is attached hereto as Exhibit "A").

## THE UNDERLYING LAWSUIT

9.     ReGenco contracted with Lovegreen Turbine Services to perform certain portions of the work that ReGenco had contracted with Midwest to perform at Midwest's Waukegan Station #16 under the Midwest/ReGenco subcontract agreement.

10.     On February 28, 2006, Raymond Sell ("Sell"), an employee of Lovergreen Turbine Services was allegedly injured while working on the project.

11.     On July 12, 2006, Midwest placed ReGenco on notice of the February 28, 2006 incident involving Sell and tendered the matter to ReGenco and its insurers.

12.     On February 28, 2008, Sell filed a Complaint at Law against Midwest, ReGenco, and others in the Circuit Court of Cook County, Illinois, as Case No. 08 L 2287 ("the original Sell lawsuit"). (A copy of the complaint in the original Sell lawsuit is attached hereto as Exhibit "B").

13.     On December 23, 2008, Midwest tendered its defense of the original Sell lawsuit to ReGenco and its carriers. (A copy of the December 23, 2008 tender letter is attached hereto as Exhibit "C").

14.     On July 22, 2009, after Midwest ascertained the identity of ReGenco's liability carrier, Midwest tendered its defense of the original Sell lawsuit directly to American International. (A copy of the July 22, 2009 tender letter is attached hereto as Exhibit "D").

15.     On September 10, 2009, having not received a response to its tender from ReGenco and/or American International, Midwest sent additional tender correspondence to ReGenco. (A copy of the September 10, 2009 tender letter is attached hereto as Exhibit "E").

16.     On October 19, 2009, ReGenco sent a copy of Midwest's tender correspondence directly to American International. (A copy of this email correspondence is attached hereto as Exhibit "F").

17.    On October 26, 2009, American International accepted Midwest's defense of the Sell lawsuit. (See Exhibit "F").

18.    On November 17, 2009 and December 30, 2009, Midwest sent American International correspondence relative to its defense of the Sell lawsuit and reimbursement for past fees and expenses incurred by Midwest in connection with its defense. (Copies of the November 17, 2009 and December 30, 2009 correspondence are attached hereto as Exhibit "G" and Exhibit "H", respectively).

19.    To date, American International has not responded to Midwest's requests for reimbursement of its defense fees and costs.

20.    On November 13, 2009, the original Sell lawsuit was voluntarily dismissed.

21.    On November 12, 2010, the Sell lawsuit was re-filed as Case No. 10 L 12893. (A copy of the current Sell complaint is attached hereto as Exhibit "I").

22.    The substantive allegations advanced against Midwest in the original Sell lawsuit and current Sell lawsuit are substantively identical.

23.    On January 17, 2011, Midwest tendered its defense of the current Sell lawsuit to American International. (A copy of this tender correspondence is attached hereto as Exhibit "J").

24.    To date, American International has not responded to Midwest's tender of the current Sell lawsuit.

25.    There exists an actual controversy between the parties hereto with respect to coverage for Midwest, and this Court has the power to declare the rights and liabilities of the parties pursuant to Section 2-701 of the Illinois Code of Civil Procedure (735 ILCS 5/2-701).

## COUNT I

### (Declaratory Judgment)

1-25.    Midwest repeats and realleges paragraphs 1 though 25 of this Complaint for Declaratory Judgment as and for paragraphs 1 through 25 of this Count I.

26.    The Midwest/ReGenco subcontract agreement obligated ReGenco to obtain primary general liability insurance which named Midwest as an additional insured.

27.    Consistent with the terms of the Midwest/ReGenco subcontract agreement, Wolf-Hulbert Co, LLC, issued a certificate of insurance to Midwest which listed Midwest as an additional insured on the American International policy.

28.    Midwest reasonably relied upon the certificate of insurance to its detriment as evidence that the American International policy included it as an additional insured.

29.    At the time Wolf-Hulbert Co, LLC issued the certificate of insurance it was acting as an actual or apparent agent of American International, with the authority to bind American International.

30.    As a result, American International is obligated to provide additional insured coverage to Midwest consistent with the certificate of insurance issued by Wolf-Hulbert Co, LLC.

31.    As a result of the foregoing facts, Midwest is an additional insured under the American International policy for the allegations against it in the original Sell lawsuit and current Sell lawsuit.

32.    American International was aware of the Sell lawsuit on July 22, 2009, at the very latest.

33. American International has acknowledged its duty to defend Midwest in connection with the original Sell lawsuit and has breached this duty.

34. Despite the fact that American International agreed to provide a defense to Midwest in connection with the Sell lawsuit and was aware of the lawsuit for over 2 years prior to the filing of this declaratory complaint, American International has failed to reimburse Midwest for defense fees or costs or file a timely declaratory judgment action.

35. Despite the fact that the allegations advanced against Midwest in the original and current Sell lawsuits are identical, American International has failed to acknowledge its current duty to defend.

36. As a result of the foregoing facts, American International has waived and is estopped from relying on any coverage defenses that it may have otherwise had in connection with this matter.

WHEREFORE, the plaintiffs, Midwest Generation, LLC and Midwest Generation EME, pray this Court enter an order finding and declaring that:

A.    Defendant, Chartis Insurance Company, f/k/a American International South Insurance Company, owes Midwest a duty to defend under the American International policy for the original and current Sell lawsuits, Case Nos.: 08 L 2287 and 10 L 12893, respectively.

B.    Due to American International's breach of its duty to defend Midwest in connection with the Sell lawsuit American International is estopped from denying coverage to Midwest; and

C.    For such other and further relief as this Court deems just under the

circumstances presented herein.


Respectfully submitted,

CASSIDAY SCHADE LLP

By: _____

One of the attorneys for Plaintiffs, MIDWEST
GENERATION, LLC and MIDWEST
GENERATION EME, LLC


CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax

7532261

01/20/2006  06:58   14144752811          REGENCO                   PAGE  02/03

## ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
01/11/2006

| PRODUCER (248)290-0650          FAX (248)290-0654 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|
| Wolf-Hulbert Co LLC | |
| 30200 Telegraph Rd #240 | |
| Bingham Farms, MI 48025 | |
| | INSURERS AFFORDING COVERAGE          NAIC # |
| INSURED RaGENco LLC | INSURER A: American International South |
| 6609R W. Washington Street | INSURER B: The Hartford |
| West Allis, WI 53214 | INSURER C: Commerce and Industry |
| 15488 | INSURER D: |
| | INSURER E: |

### COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY | 3199846 | 11/12/2005 | 11/12/2006 | EACH OCCURRENCE | $ 1,000,000 |
| | X | COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | CLAIMS MADE [X] OCCUR | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | POLICY [ ] PRO-JECT [ ] LOC | | | | | |
| B | | AUTOMOBILE LIABILITY | 35UUNAF1513 | 11/12/2005 | 11/12/2006 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | X | ANY AUTO | | | | | |
| | | ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | SCHEDULED AUTOS | | | | | |
| | X | HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | X | NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ANY AUTO | | | | OTHER THAN    EA ACC | $ |
| | | | | | | AUTO ONLY:    AGG | $ |
| C | | EXCESS/UMBRELLA LIABILITY | BE 6848825 | 11/12/2005 | 11/12/2006 | EACH OCCURRENCE | $ 10,000,000 |
| | X | OCCUR [ ] CLAIMS MADE | | | | AGGREGATE | $ 10,000,000 |
| | | | | | | | $ |
| | X | DEDUCTIBLE | | | | | $ |
| | X | RETENTION $ 10,000 | | | | | $ |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | | | | WC STATU-TORY LIMITS [ ]    OTH-ER [ ] | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| | | OTHER | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

CERTIFICATE HOLDER IS INCLUDED AS ADDITIONAL INSURED WITH RESPECT TO COMMERCIAL GENERAL LIABILITY

*COMPLETED*

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| MIDWEST GENERATION POWERTON STATION 13082 EAST MANITO ROAD PEKING, IL 61554-8587 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE *Andrew Nunn* |

ACORD 25 (2001/08)                          ©ACORD CORPORA...

**EXHIBIT**
**A**

ATTORNEY CODE 31185

STATE OF ILLINOIS )
               ) SS.
COUNTY OF COOK )

2008L002207
CALENDAR/ROOM A
TIME 00:00
Premises Liability

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

RAYMOND SELL, )
               ) NO.
        Plaintiff(s); )
vs. )
               )
MIDWEST GENERATION, LLC, a foreign )
corporation and MIDWEST GENERATION )
EME, LLC, a foreign corporation, EDISON, )
INTERNATIONAL COMPANY, d/b/a )
MIDWEST GENERATION EME, LLC, a )
foreign corporation, )
               )
        Defendant(s). )

## COMPLAINT AT LAW

NOW COMES Plaintiff, Raymond Sell, by and through his attorneys, SMITH & ALBERTS, and complaining against defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, alleges as follows:

1. That on February 28, 2006, and for some time prior thereto, defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, were corporations duly licensed and registered to do business within the State of Illinois.

2. That on February 28, 2006, and for some time prior thereto, defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation, and Edison



EXHIBIT
B

International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, duly organized and

existing in accordance with the applicable laws and did engage in a construction project located in

Waukegan, County of Lake and State of Illinois otherwise known as the Waukegan Station.

3. That on February 28, 2006, defendants, Midwest Generation, LLC, a foreign corporation, and

Midwest Generation EME, LLC, a foreign corporation, and Edison International Company, d/b/a

Midwest Generation EME, LLC, a foreign Corporation, possessed, operated, managed, maintained and

controlled, or had a duty to possess, operate, manage, maintain and control, both directly and indirectly,

individually and through their agents, servants and employees, the construction project in the City of

Waukegan, County of Lake, State of Illinois, known as the Waukegan Station.

4. That the plaintiff, Raymond Sell, was lawfully on said property/grounds of the construction

site on the above-mentioned date.

5. That on the above-mentioned date, the defendants and each of them had a duty to own,

operate, manage, maintain and control the land and construction site in a safe manner so as not to cause

injury to the plaintiff.

6. That on the above-mentioned date, and prior thereto, the defendants, through their agents and

employees were in the process of building at the above-mentioned location.

7. That on February 28, 2006, the defendants' employees were present at the job site along with

material and/or equipment owned and maintained by defendants.

8. That the defendants had a duty to place, use, and maintain its material and/or equipment on

this job site in a safe manner so as not to cause injury to this plaintiff and others.

9. The defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation

EME, LLC, a foreign corporation, and Edison International Company, d/b/a Midwest Generation EME,

LLC, a foreign Corporation, were negligent in one or more of the following ways which caused the

Plaintiff, Raymond Sell, to become injured due to by the aforementioned

(a)     Failed to warn Plaintiff of the unsafe condition of the construction site;

(b)   Placed material and/or equipment in the area of said construction site in an unsafe manner;

(c)   Violated numerous work safety rules and regulations;

(d)   Failed to train its employees to operate in a safe manner;

(e)   Violated numerous work safety rules and regulations in the operation of its constructions site, including but not limited to, local city ordinances and OSHA safety regulations;

(f)   Failed to supervise the sub-contractors hired to work on said construction site;

(g)   Failed to have an appropriate safety inspection system in place to insure that the construction site was safe at all times;

(h)   Was otherwise careless and/or negligent in the operation, maintenance and/or control of the above-mentioned site.

10.   That as a direct and proximate result of the aforementioned acts of negligence, the plaintiff sustained injury to various portions of his body, requiring him to expend money for medical care and treatment; resulting in him experiencing pain, suffering and mental anguish both now and in the future; resulting in him losing money as a result of his inability to continue his regular employment for some period of time; and resulting in him becoming both temporary and permanently disabled and disfigured.

WHEREFORE, plaintiff, Raymond Sell, demands judgment against the defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation, and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, and each of them, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and the costs of this suit.

Attorneys for Plaintiff(s)

Smith & Alberts
Attorneys for Plaintiff(s)
6 West Hubbard
Suite 250
Chicago, IL 60610
Tel: (312)726-4204



MIDWEST
GENERATION EME, LLC

An *EDISON INTERNATIONAL*℠ Company

Christopher M. Foley
Director, Counsel

*Via Certified Mail*

December 23, 2008

ReGenco LLC
6609R West Washington Street
West Allis, WI 53214

Re:   **Raymond Sell v. Midwest Generation, LLC and**
      **Midwest Generation EME, LLC**
      Court No.: 08 L 2287
      D/A: February 28, 2006

To whom it may concern:

Midwest Generation, LLC and Midwest Generation EME, LLC ("Midwest") are named as defendants in the captioned matter now pending in the Circuit Court of Cook County, Chicago, Illinois and arising out of a project located at Waukegan Station #16, 401 E. Greenwood Avenue, Waukegan, Illinois. The plaintiff, Raymond Sell alleges that he was injured on February 28, 2006 while working for Lovegreen Turbine Services on the project. It is alleged that Mr. Sell was injured in furtherance of his work at the project. We are enclosing a copy of plaintiff's Complaint for your convenience.

The plaintiff has filed a Complaint at Law naming Midwest Generation, LLC and Midwest Generation EME, LLC as defendants. The Complaint alleges generally that Midwest was negligent in that it failed to warn plaintiff of the unsafe condition, placed material in an unsafe manner on the site, and failed to inspect the area where plaintiff was working.

We are again hereby tendering the defense of Midwest to you, and we ask that you defend, indemnify and hold harmless, Midwest in all respects with regard to this lawsuit. Midwest previously placed ReGenco on notice of the tender on July 12, 2006, prior to plaintiff's lawsuit. We specifically request that you accept this tender on a primary basis and without reservation of rights.

We are enclosing herewith, a copy of Midwest's contract with Regenco dated October 16, 2003. According to the terms of the contract, Regenco was hired to perform work from time to time for Midwest at this facility, including at the time of this accident. The obligations of Regenco to insure Midwest as well as to indemnify Midwest are set forth in the contract, which states as follows:

Midwest Generation EME, LLC
One Financial Place
440 South LaSalle Street
Suite 3500
Chicago, IL 60605
Tel:   312 583 6003
Fax:   312 583 4998
Email: cfoley@edisonmission.com



EXHIBIT

C

December 23, 2008
Page 2

**Article 9 Insurance**

**9.5 Additional Insured Endorsement**
**9.5.1**

All liability insurance policies shall name Owner, is officers, directors, employees, agents, representatives, subsidiaries, successors, and assigns, as additional insureds, shall be primary to any other insurance carried by Owner, and shall provide broad form coverage using ISO CG 2026 (11/85), and shall maintain the required coverages, naming Owner as an additional insured, for a period of not less than three years.

Pursuant to the contractual provisions contained in the contract agreement between Regenco and Midwest, Regenco was required to name Midwest as an additional insured under its general liability coverage. Pursuant to the terms of ReGenco's contract agreement with Midwest we are hereby tendering the defense of Midwest to you.

We are demanding that ReGenco and its insurance carrier promptly accept the defense and indemnity obligations of Midwest, on a primary basis and without any reservations of rights. Pending a response to our tender of defense and indemnity, we will forego the initiation of a Declaratory Judgment proceeding. Moreover, Midwest will look to Regenco and its insurer for full reimbursement for any and all costs incurred in defending this action pending the acceptance of the tender.

We request that you respond to this tender in writing to us at your earliest convenience no later than fourteen (14) days from the date of this correspondence. We also request that you forward a copy of this letter to your insurance carrier. If you require additional information or material from us, please contact us at your earliest convenience. Thank you for your attention to this matter.

Sincerely,

Enclosures

(1) Plaintiff's Complaint
(2) Midwest/Regenco Contract

July 22, 2009

WRITER'S DIRECT DIAL 312-444-1614

**VIA CERTIFIED AND REGULAR MAIL**

American International South
70 Pine Street
New York, NY 10270

Re:  **Raymond Sell v. Midwest Generation, LLC and Midwest
Generation EME, LLC**
Court No.: 08 L 2287
D/A: February 28, 2006
Our File No.: 32053/15367/JAG/CLT

Dear Sir/Madam:

We represent Midwest Generation in the above matter pending in Cook County.  On December 23, 2008, Midwest tendered its defense to ReGenco, LLC.  I enclose a copy of that tender along with the attachments.  To date, we have not received a response from ReGenco's insurer.  Please provide a written response to our tender within 14 days.

I am also enclosing a copy of a certificate of insurance issued on January 11, 2006 which identified Midwest Generation as the certificate holder, as well as a copy of the purchase order between ReGenco LLC and Lovegreen Turbine Service.

Sincerely,

Cassiday Schade LLP

Christine L. Trimarco

**CASSIDAY SCHADE LLP**
20 NORTH WACKER DRIVE, SUITE 1040  CHICAGO, ILLINOIS 60606
OFFICE 312 641 3100  FAX 312 444 1669  CASSIDAY.COM

ATTORNEYS AT LAW

**EXHIBIT
D**

July 22, 2009
Page 2

Encl:
(1) 12/23/08 tender letter;
(2) Plaintiff's Complaint;
(3) Midwest/Regenco Contract;
(4) Certificate of Insurance; and
(5) Purchase Order.

cc:

Wolf-Hubert Co LLC (w/encl.)
30200 Telegraph Road, #240
Bingham Farms, MI 48025

Joseph A. Giannelli (w/out encl.)

7267218

5397/ER10

**cassidayschade** LLP

September 10, 2009

WRITER'S DIRECT DIAL (312) 444-1614

CASSIDAY SCHADE LLP CHICAGO
20 NORTH WACKER DRIVE, SUITE 1040    CHICAGO, ILLINOIS 60606
OFFICE 312 641 3100    FAX 312 444 1669    CASSIDAY.COM

Robert Phillips
Thomas & Kampsen
300 S. Riverside Plaza
Suite 2330
Chicago, IL  60606

Re:    **Raymond Sell v. Midwest Generation, LLC and Midwest
       Generation EME, LLC**
       Court No.: 08 L 2287
       D/A: February 28, 2006
       Our File No.: 32053/15367/JAG/CLT

SEP 1 4 2009

THOMAS & KAMP;

Dear Mr. Phillips:

      I am writing to follow up my July 27, 2009 correspondence regarding Midwest's tender of defense to
your client, ReGenco.  I have also submitted a copy of our tender to your insurance carrier.  To date, Midwest
has not received a response to its tender of defense.  I would ask that you follow up with ReGenco and its
insurance carrier regarding this tender.  I would also request that you provide me with the name of the claims
handler for ReGenco so that I may follow up with this tender directly as well.

      Please call me with any questions.

Sincerely,

Cassiday Schade LLP

Christine L. Trimarco

7284033 CTRIMARC:BWEEKS

ATTORNEYS AT LAW

**EXHIBIT**

E

## Anderson, Melissa A.

| | |
|---|---|
| **From:** | Trimarco, Christine L. |
| **Sent:** | Thursday, March 18, 2010 3:43 PM |
| **To:** | Anderson, Melissa A. |
| **Subject:** | FW: OUR FILE NUMBER: 684-271384/ - Sell v. Midwest v. Regenco - ILCH-05397 |
| **Attachments:** | ILCH-05397 ltf Trimarco 091013 defense tender.pdf |

**From:** Frost, Charles [mailto:Charles.Frost@chartisinsurance.com]
**Sent:** Monday, October 26, 2009 9:55 AM
**To:** Trimarco, Christine L.
**Cc:** Seifert, Elana
**Subject:** OUR FILE NUMBER: 684-271384/ - Sell v. Midwest v. Regenco - ILCH-05397

Christine L. Trimarco
Cassiday Schade, LLP
20 North Wacker Drive, Suite 1040
Chicago, IL 60606
(312) 641-3100 Main
(312) 444-1614 Direct Line
(312) 444-1669 Fax
clt@cassiday.com
Her File Number: 32053/15367/JAG/CLT

Ms. Trimarco:

I am the adjuster who is handling the Raymond Sell case on behalf of our insured, Regenco, LLC. We are accepting Midwest's tender in this matter. Be carbon copy of this e-mail and subsequent communications, I am directing the following defense counsel obtain a copy of your file and substitute into this case as Midwest's new defense counsel:

Elana K. Seifert
Thomas & Kampsen
300 S. Riverside Plaza #2330
Chicago, Illinois 60606
312-930-5500
312-756-4159 (direct line)
312-515-1183 (cell)
866-794-4702 (fax)
E-Mail: elana.seifert@chartisinsurance.com

Please indentify and provide contact information to me for the Midwest contact(s) that need to be carbon copied on all litigation correspondence.

Very truly yours,



EXHIBIT

F

*Charles L. Frost, II.* | *Casualty Claims Specialist* | *Chartis /Overland Park P&C./9401 Indian Creek Parkway, Building 40, Suite 1300, Overland Park, KS 66210/ PO Box 25588, Shawnee Mission, Kansas 66225, (Direct) 913-338-9216 | (800) 242-2987, Ext. 9216 | (Fax) 913-338-9330 | Charles.Frost@chartisinsurance.com
/www.chartisinsurance.com

*Customer Service Makes A Difference...Every Day!*

Confidential:

The information in this email (and any attachments) is confidential. If you are not the intended recipient, you must not read, use or disseminate the information. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by American International Group, Inc. for any loss or damage arising in any way from its use.

---

**From:** Seifert, Elana
**Sent:** Monday, October 19, 2009 6:22 PM
**To:** Frost, Charles
**Cc:** OVPPCDropFile
**Subject:** 684-271384 - Sell v. Midwest v. Regenco - ILCH-05397

Charles,

I hope this e-mail finds you well. I attach correspondence I received from Christine Trimarco, the attorney for defendant Midwest in the above suit, where we represent Chartis insured Regenco.

I cannot speak for any correspondence that Ms. Trimarco may have had with my predecessor here, but I did tell her I would pass along her request to Chartis. However, I am not sure if I am to direct this to you or claims counsel and, if claims counsel, who? Let me know at your earliest convenience.

Very best regards,
Elana

**Elana K. Seifert**
Thomas & Kampsen
300 S. Riverside Plaza #2330
Chicago, Illinois 60606
312-930-5500
312-756-4159 (direct line)
312-515-1183 (cell)
866-794-4702 (fax)
E-Mail: elana.seifert@chartisinsurance.com

This email message is confidential, intended only for the named recipient(s) and may contain information that is privileged attorney-client communications, attorney work product, or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. In addition, please immediately delete or destroy all copies or versions you have of this message and notify the sender at (312) 930-5500 or elana.seifert@chartisinsurance.com in order that we may take steps to prevent any further inadvertent disclosures. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

November 17, 2009

WRITER'S DIRECT DIAL (312) 444-1614

**VIA E-MAIL & U.S. MAIL: charles.frost@chartisinsurance.com**

Charles Frost
Casualty Claims Specialist
Chartis Insurance
Overland Park P&C
9401 Indian Creek Parkway
Building 40
Suite 1300
Overland Park KS 66210

    Re:   **Raymond Sell v. Midwest Generation, LLC and Midwest Generation EME, LLC**
Court No.: 08 L 2287
D/A: February 28, 2006
Your File No.: 684-271384
Our File No.: 32053/15367/JAG/CLT

Dear Mr. Frost:

    I am writing in regards to your October 27, 2009 e-mail directed to me in which you indicated that Chartis would be accepting Midwest Generation's tender of defense to your insured, ReGenco, LLC. To date, I have not received any formal acceptance of the tender other than your e-mail. Please provide me with a formal written response to Midwest Generation's tender of defense within 7 days.

    Please call me if you have any questions.

Sincerely,

Cassiday Schade LLP

Christine L. Trimarco

CLT/ap

7307270 CTRIMARC;ASIRON

EXHIBIT
G

November 17, 2009
Page 2


bcc: <u>**VIA E-MAIL: vanders1@travelers.com**</u>
Vernester Anderson
Technical Specialist - Claims
Travelers Construction
200 N. LaSalle Street
Suite 2200
Chicago, IL 60601
File No. CEV 8239

Dan McDevitt
General Counsel
Midwest Generation
One Financial Place
440 South LaSalle Street
Suite 3500
Chicago, IL 60605

Maria Richmond
Midwest Generation
One Financial Place
440 S. LaSalle Street
Suite 3500
Chicago, IL 60605

<u>**VIA E-MAIL: cfoley@mwgen.com**</u>
Christopher M. Foley
Director & Counsel
Midwest Generation EME, LLC
One Financial Place
440 South LaSalle Street
Suite 4500
Chicago, IL 60605

November 17, 2009
Page 3


**VIA E-MAIL: mllong@travelers.com**
Mary L. Long
Travelers Insurance
200 N. LaSalle Street
Suite 2200
Chicago, IL 60601

Joseph A. Giannelli

December 30, 2009

WRITER'S DIRECT DIAL (312) 444-1614

Mr. Charles L. Frost
Casualty Claims Specialist
Chartis Insurance
9401 Indian Creek Parkway
Building 40
Suite 1300
Overland Park KS 66210

Re:  **Raymond Sell v. Midwest Generation, LLC and Midwest Generation EME, LLC**
Court No.: 08 L 2287
D/A: February 28, 2006
Your File No: 684-271384
Your Insured: ReGenco, LLC
Our File No.: 32053/15367/JAG/CLT

Dear Mr. Frost:

I am writing in regards to the above-referenced matter. On December 13, 2008, Midwest Generation tendered its defense and indemnification to your insured, ReGenco, LLC. On October 26, 2009, you sent me the enclosed e-mail confirming that AIG, now known as Chartis, was accepting Midwest Generation's tender of defense.

I am enclosing a copy of bills indicating past fees and expenses incurred by Midwest Generation from the date of the tender up until the date of AIG's acceptance of that tender. We are demanding that AIG reimburse Midwest Generation for those fees and expenses.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Cassiday Schade LLP

Christine L. Trimarco

CLT/ap

Enclosures

EXHIBIT

H

Mr. Charles L. Frost
December 30, 2009
Page 2


cc:   Joseph A. Giannelli

7321150 CTR\MARC;ASIRON

ATTORNEY CODE: 45464

STATE OF ILLINOIS    )
                  ) SS.
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

RAYMOND SELL,           )
                      ) NO.:
        Plaintiff(s),  )
                      )
vs.                     )        2010L012893
                      )        CALENDAR/ROOM A
MIDWEST GENERATION, LLC, a foreign )        TIME 00:00
corporation and MIDWEST GENERATION )        PI Other
EME, LLC, a foreign corporation, EDISON, )
INTERNATIONAL COMPANY, d/b/a    )
MIDWEST GENERATION EME, LLC, a   )
foreign corporation,              )
                      )
        Defendant(s).  )

### COMPLAINT AT LAW

NOW COMES Plaintiff, Raymond Sell, by and through his attorney, LAW OFFICE OF MARC D. ALBERTS, P.C., and complaining against defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, alleges as follows:

1. That this is a re-filing of Court Number 2008-L-002287.

2. That on February 28, 2006, and for some time prior thereto, defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, were corporations duly licensed and registered to do business within the State of Illinois.

3. That on February 28, 2006, and for some time prior thereto, defendants, Midwest Generation,

EXHIBIT
I

LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation, and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, duly organized and existing in accordance with the applicable laws and did engage in a construction project located in Waukegan, County of Lake and State of Illinois otherwise known as the Waukegan Station.

4. That on February 28, 2006, defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation, and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, possessed, operated, managed, maintained and controlled, or had a duty to possess, operate, manage, maintain and control, both directly and indirectly, individually and through their agents, servants and employees, the construction project in the City of Waukegan, County of Lake, State of Illinois, known as the Waukegan Station.

5. That the plaintiff, Raymond Sell, was lawfully on said property/grounds of the construction site on the above-mentioned date.

6. That on the above-mentioned date, the defendants and each of them had a duty to own, operate, manage, maintain and control the land and construction site in a safe manner so as not to cause injury to the plaintiff.

7. That on the above-mentioned date, and prior thereto, the defendants, through their agents and employees were in the process of building at the above-mentioned location.

8. That on February 28, 2006, the defendants' employees were present at the job site along with material and/or equipment owned and maintained by defendants.

9. That the defendants had a duty to place, use, and maintain its material and/or equipment on this job site in a safe manner so as not to cause injury to this plaintiff and others.

10. The defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation, and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, were negligent in one or more of the following ways which caused the Plaintiff, Raymond Sell, to become injured due to by the aforementioned

(a) Failed to warn Plaintiff of the unsafe condition of the construction site;

(b) Placed material and/or equipment in the area of said construction site in an unsafe manner;

(c) Violated numerous work safety rules and regulations;

(d) Failed to train its employees to operate in a safe manner;

(e) Violated numerous work safety rules and regulations in the operation of its constructions site including but not limited to, local city ordinances and OSHA safety regulations;

(f) Failed to supervise the sub-contractors hired to work on said construction site;

(g) Failed to have an appropriate safety inspection system in place to insure that the construction site was safe at all times;

(h) Was otherwise careless and/or negligent in the operation, maintenance and/or control of the above-mentioned site.

11. That as a direct and proximate result of the aforementioned acts of negligence, the plaintiff sustained injury to various portions of his body, requiring him to expend money for medical care and treatment; resulting in him experiencing pain, suffering and mental anguish both now and in the future; resulting in him losing money as a result of his inability to continue his regular employment for some period of time; and resulting in him becoming both temporary and permanently disabled and disfigured.

WHEREFORE, plaintiff, Raymond Sell, demands judgment against the defendants, Midwest Generation, LLC, a foreign corporation and Midwest Generation EME, LLC, a foreign corporation, and Edison International Company, d/b/a Midwest Generation EME, LLC, a foreign Corporation, and each of them, in an amount in excess of Fifty Thousand ($50,000.00) Dollars and the costs of this suit.

LAW OFFICE OF MARC D. ALBERTS, P.C.

Attorneys for Plaintiff(s)

LAW OFFICE OF MARC D. ALBERTS, P.C.
Attorney for Plaintiff(s)
6 West Hubbard Street
Suite 250
Chicago, IL 60654
(312) 494-0280

**cassidayschade** LLP

CASSIDAY SCHADE LLP CHICAGO
20 NORTH WACKER DRIVE, SUITE 1000  CHICAGO, ILLINOIS 60606
OFFICE 312 641 3100  FAX 312 444 1669  CASSIDAY.COM

January 17, 2011

WRITER'S DIRECT DIAL (312)444-2494

*Via Certified Mail – Return Receipt Requested*
Mr. Charles L. Frost
Casualty Claims Specialist
Chartis Insurance
9401 Indian Creek Parkway
Building 40
Suite 1300
Overland Park, KS 66210

|     |     |
| --- | --- |
| Re: | **Raymond Sell v. Midwest Generation, LLC and Midwest Generation EME, LLC** |
|     | Original Court No.: 08 L 2287 |
|     | Re-Filed Court No.: 10 L 12893 |
|     | D/A: February 28, 2006 |
|     | Our File No.: 34688/15367/JAG/CLT |

Dear Mr. Frost:

I am writing in regards to the above-referenced matter. As you may recall, on December 13, 2008, Midwest Generation tendered its defense and indemnification of this matter to your insured, ReGenco, LLC. On October 26, 2009, you sent our firm the enclosed e-mail confirming that AIG, now known as Chartis, was accepting Midwest Generation's tender of defense. As you may recall, plaintiff voluntarily non-suited this matter on November 13, 2009. Mr. Sell has recently re-filed his lawsuit. A copy of the current complaint is enclosed.

As with the original complaint, Midwest Generation, LLC and Midwest Generation EME, LLC ("Midwest") are named as defendants in the captioned matter in connection with a project located at Waukegan Station #16, 401 East Greenwood Avenue, Waukegan, Illinois. The plaintiff, Raymond Sell, alleges that he was injured on February 28, 2006 while working for Lovegreen Turbine Services on the project. It is alleged that Mr. Sell was injured in furtherance of his work at the project. The Complaint alleges generally that Midwest was negligent in that it failed to warn plaintiff of the unsafe condition, placed material in an unsafe manner on the site, and failed to inspect to the area where plaintiff was working.

As you will recall, pursuant to Midwest's contract with Chartis's named insured, ReGenco, ReGenco was performing work for Midwest at this facility. ReGenco was obligated to defend and indemnify Midwest and was required to name Midwest as an additional insured under its general liability coverage. Pursuant to this contract, Chartis accepted Midwest's tender of the original Sell lawsuit. As the allegations advanced in the current complaint are substantively the same as the original complaint, we

ATTORNEYS AT LAW          CHICAGO          LIBERTYVILLE          NAPERVILLE          ROCKFORD



EXHIBIT

J

January 17, 2011
Page 2

expect that Chartis will again acknowledge its defense obligation. Midwest hereby tenders the re-filed action to Chartis and demands that Chartis promptly agree to defend and indemnify Midwest, on a primary basis and without any reservation of rights. We request that you respond to this tender in writing to us at your earliest convenience no later than twenty-one (21) days from the date of this correspondence.

Additionally, we have submitted bills for fees and expenses incurred by Midwest Generation from the date of the original tender up until the date of AIG's acceptance of that tender and demanded reimbursement of the same. To date, Chartis has failed to respond to this request for reimbursement. We again enclose copies of these bills and request that Chartis immediately provide for payment of the same.

If you require additional information or material from us, please contact us at your earliest convenience. Thank you for your attention to this matter.

Sincerely,

Cassiday Schade LLP

Melissa A. Anderson

Enclosures

cc: Joseph A. Giannelli
    Christine Trimarco

7448810:MANDERSO;KJANEK

7192 3819 0010 0002 5734

Chartis Casualty Company
f/k/a Amer Internat'l South Ins Co
175 Water Street, 18th Floor
New York, NY 10038